UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JAMES COTTON | CIVIL ACTION |
| VERSUS | NO. 25-455 |
| 19065 HAMMOND STOLLEY, LLC | SECTION M (4) |

### ORDER & REASONS

Before the Court is a motion for summary judgment filed by defendant 19065 Hammond Stolley, LLC ("Hammond Stolley").[1] Plaintiff James Cotton responds in opposition,[2] and Hammond Stolley replies in further support of its motion.[3] Having considered the parties' memoranda, the record, and the applicable law, the Court grants the motion because Cotton cannot show that Hammond Stolley either created or had actual or constructive notice of the alleged condition which he says caused his injury.

### I.   BACKGROUND

The present action arises out of a trip-and-fall. On January 29, 2024, Cotton drove Richard Williamson, who uses a wheelchair, and Williamson's caretaker, Joann Lee, to the Cypress Pointe Medical Office Building in Hammond, Louisiana.[4] The building is owned by the defendant, Hammond Stolley.[5] Cotton claims that, while escorting Williamson into the building, he tripped and fell when his "foot got caught in a pocket or cuff inside a rug that was placed on the floor of the entrance way."[6] He asserts that Hammond Stolley is liable to him for damages resulting from

---

[1] R. Doc. 17.
[2] R. Doc. 18.
[3] R. Doc. 19.
[4] R. Docs. 18 at 3, 5; 18-5.
[5] R. Doc. 17-1 at 1.
[6] R. Doc. 18 at 3.

the fall, which he says include past and future pain and suffering, past and future mental anguish, past and future physical impairment, past and future medical expenses, lost wages and loss of earning capacity, and legal costs.[7] The action, originally filed in state court in Tangipahoa Parish, was removed to this Court on March 7, 2025.[8]

## II. PENDING MOTION

In its summary-judgment motion, Hammond Stolley argues that Cotton cannot show that it had actual or constructive knowledge of the allegedly defective condition prior to Cotton's fall, a necessary element of his claim.[9] In fact, says Hammond Stolley, Cotton, in his deposition, "admitted that he could not confirm the building was aware of the defective condition."[10] Alternatively, it asserts that the condition was "open and obvious" such that Cotton should have avoided it, so Hammond Stolley "cannot be liable for any injury resulting from the condition."[11] It points to Cotton's deposition testimony, in which it says he acknowledged that the condition was open and obvious.[12]

In response, Cotton first argues that there is a genuine dispute of material fact as to whether Hammond Stolley created the defect or condition.[13] In support, he points to his deposition testimony that the rug appeared old and worn at the time of the incident and a declaration from Joann Lee, who witnessed the incident, to the same effect.[14] He says that, based on their testimony, one can infer that Hammond Stolley "neglected to inspect, clear and/or replace a rug in the customer area of the building," and thus created the condition.[15] Cotton further says he

---

[7] R. Doc. 1-1 at 3-4.
[8] R. Doc. 1.
[9] R. Doc. 17-1 at 4-6.
[10] *Id.* at 5.
[11] *Id.* at 6-9 (quote at 6).
[12] *Id.* at 8-9.
[13] R. Doc. 18 at 7-10.
[14] *Id.* at 8-9.
[15] *Id.* at 9-11 (quote at 9).

2

"presume[s]" that Hammond Stolley's janitorial staff had cleaned the area that day, before Cotton entered the building, but he hopes to confirm this presumption as fact at a deposition of Hammond Stolley's personnel prior to the close of discovery.[16]

Second, Cotton argues that Hammond Stolley had actual or constructive notice of the condition.[17] Cotton argues that his and Lee's testimony creates a genuine dispute of material fact as to Hammond Stolley's notice of the condition, as one could infer from their testimony that Hammond Stolley should have noticed the tear in the rug.[18] Further, he reasons that, if Hammond Stolley's personnel did not inspect the area, as Cotton "presume[s]," Hammond Stolley's failure to comply with its own policies and procedures could create constructive notice of the condition.[19] Alternatively, says Cotton, if the inspection did occur, Hammond Stolley's personnel would have seen the condition, or at the least, there is a genuine dispute of material fact regarding Hammond Stolley's constructive notice.[20] Next, Cotton argues that a determination of whether a condition is "open and obvious" is a question of fact for a jury, and thus is not proper on summary judgment.[21] Finally, he says that because discovery remains ongoing, the Court should defer ruling on the motion until discovery is complete.[22]

In its reply, Hammond Stolley states that Cotton "has provided no evidence that [Hammond Stolley] or anyone associated with [it] created the alleged condition in the rug, and no evidence-based inference leads to such a conclusion."[23] It again argues that Cotton cannot show it had actual knowledge of the condition, specifically urging that the testimony of Cotton and Lee that the rug

---

[16] *Id.* at 10.
[17] *Id.* at 11-16.
[18] *Id.* at 8-10.
[19] *Id.* at 13-16.
[20] *Id.*
[21] *Id.* at 16-18.
[22] *Id.* at 18.
[23] R. Doc. 19 at 2.

appeared old and worn is insufficient to carry Cotton's summary-judgment burden on constructive notice.[24] Hammond Stolley submits that because Cotton acknowledged in his deposition that the condition was obvious, he cannot now claim there is any factual dispute regarding whether the condition was open and obvious.[25] Finally, Hammond Stolley argues that the Court should not defer ruling on the motion because Cotton has already had sufficient opportunity to conduct discovery.[26]

## III.    LAW & ANALYSIS

### A. Legal Standard

Summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); Fed. R. Civ. P. 56. "Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322. A party moving for summary judgment bears the initial burden of demonstrating the basis for summary judgment and identifying those portions of the record, discovery, and any affidavits supporting the conclusion that there is no genuine issue of material fact. *Id*. at 323. If the moving party meets that burden, then the nonmoving party must use evidence cognizable under Rule 56 to demonstrate the existence of a genuine issue of material fact. *Id*. at 324.

A genuine issue of material fact exists if a reasonable jury could return a verdict for the

---

[24] *Id*. at 3-4.
[25] *Id*. at 4-6.
[26] *Id*. at 6-7.

4

nonmoving party.  *See Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986).  The substantive law identifies which facts are material.  *Id*.  Material facts are not genuinely disputed when a rational trier of fact could not find for the nonmoving party upon a review of the record taken as a whole.  *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp*., 475 U.S. 574, 587 (1986); *EEOC v. Simbaki, Ltd*., 767 F.3d 475, 481 (5th Cir. 2014).  Unsubstantiated assertions, conclusory allegations, and merely colorable factual bases are insufficient to defeat a motion for summary judgment.  *See Anderson*, 477 U.S. at 249-50; *Little v. Liquid Air Corp*., 37 F.3d 1069, 1075 (5th Cir. 1994); *Hopper v. Frank*, 16 F.3d 92, 97 (5th Cir. 1994).  In ruling on a summary-judgment motion, a court may not resolve credibility issues or weigh evidence.  *See Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co*., 530 F.3d 395, 398-99 (5th Cir. 2008).  Furthermore, a court must assess the evidence, review the facts, and draw any appropriate inferences based on the evidence in the light most favorable to the party opposing summary judgment.  *See Tolan v. Cotton*, 572 U.S. 650, 656-57 (2014); *Daniels v. City of Arlington*, 246 F.3d 500, 502 (5th Cir. 2001).  Yet, a court only draws reasonable inferences in favor of the nonmovant "when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts."  *Little*, 37 F.3d at 1075 (citing *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990)).

After the movant demonstrates the absence of a genuine issue of material fact, the nonmovant must articulate specific facts showing a genuine issue and point to supporting, competent evidence that may be presented in a form admissible at trial.  *See Lynch Props., Inc. v. Potomac Ins. Co.*, 140 F.3d 622, 625 (5th Cir. 1998); Fed. R. Civ. P. 56(c)(1)(A), (c)(2).  Such facts must create more than "some metaphysical doubt as to the material facts."  *Matsushita*, 475 U.S. at 586.  When the nonmovant will bear the burden of proof at trial on the dispositive issue, the moving party may simply point to insufficient admissible evidence to establish an essential

element of the nonmovant's claim in order to satisfy its summary-judgment burden. *See Celotex*, 477 U.S. at 322-25; Fed. R. Civ. P. 56(c)(1)(B). Unless there is a genuine issue for trial that could support a judgment in favor of the nonmovant, summary judgment must be granted. *See Little*, 37 F.3d at 1075-76.

### B. Analysis

#### 1. Federal Rule of Civil Procedure 56(d)

Pursuant to Federal Rule of Civil Procedure 56(d), "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." Fed. R. Civ. P. 56(d). As the Fifth Circuit has explained, the nonmovant must "show (1) why he needs additional discovery and (2) how that discovery will create a genuine issue of material fact." *January v. City of Huntsville*, 74 F.4th 646, 651 (5th Cir. 2023) (quotation and alteration omitted). "[V]ague assertions that additional discovery will produce needed, but unspecified, facts" are insufficient. *Id.* (quotation omitted). Instead, the nonmovant "must set forth a plausible basis for believing that specified facts, susceptible of collection within a reasonable time frame, probably exist and indicate how the emergent facts, if adduced, will influence the outcome of the pending summary judgment motion." *Id.* (quotation omitted). The nonmovant "must also have diligently pursued discovery." *Id.* (quotation omitted).

In his opposition memorandum, Cotton requests that the Court defer ruling on Hammond Stolley's summary-judgment motion "until all discovery is completed" because "it is presumed – although not definitively known" – that Hammond Stolley's staff cleaned the area that day and

that its staff conducts quarterly inspections of the building.[27] Even assuming that Cotton's presumed facts are "susceptible of collection within a reasonable time frame, probably exist, and … will influence the outcome of the pending summary judgment motion," *id.*, Cotton's request is noncompliant with Rule 56(d) because he attached no affidavit or declaration in support of the request. Further, Cotton makes no attestation that he has "diligently pursued discovery" thus far. *Id.* As a result, this Court declines to defer ruling on the motion pending additional discovery. Regardless, as is evident from the Court's reasoning below in granting the motion, Cotton's presumed facts are not material in that they would not alter the outcome of the motion, so there is no reason for delay.

**2. Actual or Constructive Notice of Defect or Condition or Creation of Condition**

For purposes of the instant summary-judgment motion, the parties dispute only two substantive issues: (1) whether Hammond Stolley had actual or constructive notice of the tear in the rug, or whether it created the tear, and (2) whether the tear in the rug was open and obvious such that, even assuming Hammond Stolley had notice of it or created it, it is not liable because Cotton should have seen and avoided it.

As a preliminary matter, the Court addresses Cotton's theory of liability. Cotton asserts that Hammond Stolley "is liable under Louisiana Civil Code Article 2317 and/or La. R.S. 9:2800.6."[28] The notice requirements applicable to the claims are similar, even though the claims constitute separate theories of custodial liability. Indeed, to satisfy the notice requirement for an article 2317 claim against Hammond Stolley (as owner or custodian of the rug) for damages caused by a defect in the rug, Cotton must show that Hammond Stolley had actual or constructive notice

---

[27] R. Doc. 18 at 10, 19.
[28] R. Doc. 18 at 7.

7

of the defect.[29]  Meanwhile, to satisfy the notice requirement for a merchant-liability claim against Hammond Stolley (as a merchant) for damages caused by an unreasonably dangerous condition on its premises, Cotton must show that Hammond Stolley had actual or constructive notice of the condition, or that it created the condition.[30]

In his opposition, Cotton puts forward no evidence that Hammond Stolley was aware of any tear or cuff in the rug ahead of the incident.  Instead, Cotton points to two pieces of evidence which he asserts create a genuine dispute of material fact with respect to notice: (1) his presumption that Hammond Stolley's janitorial staff had cleaned the area that day, and (2) his and Lee's testimony that the rug appeared old and worn at the time of the incident.  Neither piece of evidence creates a genuine dispute of material fact as to whether Hammond Stolley created or had actual or constructive notice of the condition.

First, Cotton's presumption that Hammond Stolley's janitorial staff cleaned the area is insufficient summary-judgment evidence.  Indeed, Cotton concedes that it is a mere presumption.  And as this Court has explained, unsubstantiated assertions, conclusory allegations, and merely colorable factual bases are insufficient to defeat a motion for summary judgment.  To be sure,

---

[29] Article 2317 creates a cause of action against the owner or custodian of a thing for damages caused by the thing's vice, ruin, or defect, but warns that claims which arise under article 2317 are "to be understood with the following modifications." LA. CIV. CODE art. 2317.  The following article, 2317.1, then creates a negligence standard for liability under article 2317 by requiring plaintiffs to show, among other things, that the defendant had actual or constructive notice of the defect.

[30] Louisiana's Merchant Liability Act (La. R.S. 9:2800.6) is, for purposes of this discussion, analogous to article 2317.1, but it applies to a different class of claims.  Like article 2317.1, it establishes a burden of proof for general negligence claims against merchants for damage caused by unreasonably dangerous conditions on their premises.  Pursuant to the Merchant Liability Act, to prevail on merchant-liability claims, plaintiffs must show that "[t]he merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence." La. R.S. 9:2800.6(B)(2).

Notably, the Merchant Liability Act applies only to "merchants," which the Act defines as "one whose business is to sell goods, foods, wares, or merchandise at a fixed place of business." La. R.S. 9:2800.6(C)(2).  In their briefing, the parties do not address whether Hammond Stolley satisfies the statutory definition of "merchant" such that the Merchant Liability Act applies.  However, for purposes of this motion, and because the parties make the assumption, the Court assumes *arguendo* that Hammond Stolley is a merchant, and that the Act applies, especially since it does not affect the Court's decision on Hammond Stolley's summary-judgment motion, given that custodial-liability claims and merchant-liability claims have quite similar notice requirements.

Louisiana courts have expressly found similar unsupported allegations insufficient to defeat a summary-judgment motion, pointing to a lack of evidence on the notice requirement of plaintiffs' merchant-liability or article 2317 claims. *E.g.*, *Thompson v. Dollar Up LA LLC*, 365 So. 3d 149, 155 (La. App. 2023) (citing *Johnson v. Federated Mut. Ins. Co.*, 325 So. 3d 578, 583 (La. App. 2021)) (merchant-liability claim); *Garrett v. Dep't of Child. & Fam. Servs.*, 379 So. 3d 74, 80 (La. App. 2023) (citing *Stanfield on behalf of Leblanc v. Lafourche Parish Sch. Bd.*, 365 So. 3d 816, 821 (La. App. 2023)) (article 2317 claim). Moreover, even if the presumption were confirmed as fact, that the janitorial staff cleaned the area does not establish either that the rug was torn or that they knew the rug was torn.

The second piece of evidence upon which Cotton relies – his and Lee's testimony that the rug appeared old and worn – does not carry his summary-judgment burden, either. Again, Cotton's and Lee's respective testimony that the appearance of the rug somehow indicates how long it had been torn or whether Hammond Stolley tore it is "'[m]ere speculation or suggestion,'" which is insufficient to meet a nonmovant's summary-judgment burden. *Adams v. Dolgencorp, L.L.C.*, 559 F. App'x 383, 386 (5th Cir. 2014) (quoting *Bagley v. Albertsons, Inc.*, 492 F.3d 328, 330 (5th Cir. 2007)). To be sure, "'courts will not infer constructive notice for purposes of summary judgment where the plaintiff's allegations are no more likely than any other potential scenario.'" *Id.* (quoting *Taylor v. Wal-Mart Stores,* 464 F. App'x 337, 339 (5th Cir. 2012)). Here, there is no evidence that the tear or cuff in the rug, which Cotton alleges caused his fall, was not created by the front wheel of Williamson's wheelchair or by another patron entering the building earlier in the day but after the janitorial staff cleaned the area. The old-and-worn appearance of the rug does not increase the likelihood that the torn condition was present for any specific amount of time, and thus does not make Cotton's allegations about the origin of the tear more likely than any other explanation.

9

And, using the same rationale, the old-and-worn appearance of the rug has no bearing on whether Hammond Stolley "created" the condition.

Cotton cannot point to a genuinely disputed material fact which establishes Hammond Stolley's actual or constructive notice of the condition or its creation of the condition. As a result, he cannot carry his summary-judgment burden on a custodial-liability claim under article 2317 or a merchant-liability claim under La. R.S. 9:2800.6. Because he cannot establish either claim, the Court need not consider whether the condition was open and obvious.

### IV.   CONCLUSION

Accordingly, for the foregoing reasons,

IT IS ORDERED that Hammond Stolley's motion for summary judgment (R. Doc. 17) is GRANTED, and Cotton's claims are dismissed with prejudice.

New Orleans, Louisiana, this 30th day of October, 2025.

_____
BARRY W. ASHE
UNITED STATES DISTRICT JUDGE